# N. Y. SUPERIOR COURT.

DUNHAM agt. THE MERCANTILE MUTUAL INSURANCE COMPANY.

*Examination of parties before trial — Non-resident — Code of Civil Procedure, sections 872–886, 887.*

To obtain the examination of a party before trial, each requirement of the Code must be satisfied in the affidavit upon which the order is based.

Service upon the attorney only is not *always* sufficient (*See Pake agt. Proal,* 54 *How.,* 93; *Mayer et al.* agt. *Noll et al., ante,* 214.)

*General Term, November,* 1878.

*Before* CURTIS, *Ch. J.,* SEDGWICK *and* FREEDMAN, *JJ.*

*W. G. Peckham, Jr.,* for appellant. This plaintiff, a non-resident of the state (and as such giving security for costs here), being in Canada, had no notice of this proceeding, and no service has been made on him personally. A commission was, on the papers, the only proper way to get this plaintiff's testimony under the new Code; it came not under the class "deposition within the state," but clearly under section 887, "depositions without the state." The court could form no opinion as to whether the party resided here or in Yokahama, unless his residence be given. The whole matter should fall on the jurisdictional defects of the non-statement of the residences of plaintiff and his attorney, and of the non-statement as to the name of the attorney appearing for plaintiff in this cause, which left the court powerless to judge whether the attorney served had authority to represent the plaintiff. With less reputable parties than the defendant

Dunham agt. Mercantile Mutual Insurance Company.

this last omission would leave it possible for unauthorized counsel to appear by collusion for a distant plaintiff (*Beach agt. The Mayor*, 4 *Abb. New Cases,*· 236 ; *Loeb* agt. *Levy, gen. term superior court, May,* 1878).

*Scudder & Carter*, for respondent. It is stated in the affidavit that plaintiff's residence is unknown. Service on the attorney alone is sufficient (*Pake* agt. *Proal*, 54 *How.*, 93). Payment of a witness fee has only been held necessary to put the party in contempt (*Freiberg* agt. *Branigan*, 3 *Abb. Cases*, 122). A party who voluntarily brings suit and puts himself under the jurisdiction of the court can claim no exemption from its rules, and wherever he is he should be punished for not complying with its orders by having his pleading stricken out, as the Code provides (*sec*. 853).

CURTIS, *Ch. J.* — The affidavit upon which the defendant applies for the examination of the plaintiff fails to comply with the requirements of sections 872 and 886 of the new Code of Civil Procedure. It omits any statement of the residence of the plaintiff or that any inquiry has been made to ascertain it, or that there is any difficulty in learning it. It omits to state whether the plaintiff has appeared by attorney ; nor does the name, residence or office address of any attorney on plaintiff's behalf appear in defendant's affidavit. There is no proof of any notice to the plaintiff of this order for his examination, or that any order, affidavit or subpœna has been served upon him in respect to it. To sustain the order under such circumstances might subject non-resident parties to great hardships. It appears from the defendant's affidavit that the plaintiff resides in another state, and if so he is entitled to the protection given him as a non-resident of this state by section 886.

The order appealed from should be reversed, with costs.

All concur.