### KEENAN *v.* O'BRIEN et al.[1]

#### (*Supreme Court, General Term, First Department.* May 24, 1889.)

WITNESS—EXAMINATION BEFORE TRIAL.

In an action for the dissolution of a partnership on the ground that defendants refuse plaintiff access to the books of the firm, and that they have misappropriated money of the firm, where the answer denies the partnership, an order for the examination of one of the defendants, and of the books and papers, to show the fact of the partnership, the motion papers showing that the agreement in relation to the partnership was in writing, and there being no allegation that plaintiff has not a copy thereof, should be denied.

Appeal from special term, New York county.

In a suit by John Keenan against John O'Brien and Heman Clark an order was entered denying motion of defendants to set aside an *ex parte* order allowing the examination of defendant Clark before trial.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*L. W. Russell* and *E. T. Lovatt*, for appellants. *George Bliss*, for respondent.

VAN BRUNT, P. J. The complaint in this action alleges that in April, 1885, the plaintiff and defendants duly made an agreement to form a copartnership in respect to certain contracts; that said copartnership business was entered upon, and has ever since continued to be carried on by the plaintiff and defendants in pursuance of and under said agreement; that said copartnership has made large profits, whereof the plaintiff is entitled to one-sixth; that the defendants have exclusive possession of the books of said copartnership and have not allowed the plaintiff access thereto; that the defendants have not made, and have refused to furnish to the plaintiff, true statements of the receipts and expenditures of said copartnership, although requested so to do, and have refused and neglected to divide any money on hand over and above the amount required to pay the debts thereof at the time provided in said agreement, or at any time, and still so neglect and refuse; wherefore the plaintiff demands judgment that the copartnership be dissolved, and that an account be taken of all the dealings and transactions of the copartnership, and that the property be sold and the debts paid and the surplus divided between the plaintiff and the defendants according to their respective interest therein, and that in the mean time the defendants be enjoined, and a receiver

[1] Reversing 4 N. Y. Supp. 66.

appointed. The answer of defendants denies all the allegations of the plaintiff, except that they have not made any statement of the receipts and disbursements, etc., and have not divided any money with the plaintiff, or paid him any part thereof; and then sets up certain affirmative defenses. The plaintiff applied for the examination of the defendant Clark, setting up the cause of action and defenses, and that the testimony of the defendant Clark, and an examination of the books and papers, was material and necessary for use upon the trial to prove that a copartnership was formed and continued to exist, and that the plaintiff is entitled to have the same dissolved because the defendants have done certain things, namely, that the defendants had and have exclusive possession of the books of the business, and have not allowed the plaintiff access thereto, and have applied to their own use large sums of money belonging to the copartnership, and misappropriated large sums of money belonging to the copartnership. Upon this affidavit an order for the examination of Clark was granted, and a motion was made to set the same aside, which was denied, and from the order denying such motion this appeal is taken.

It appears from the papers that the agreement under which the copartnership was claimed to have been formed was in writing, and therefore it was not necessary to examine Clark upon that point. The facts relating to the agreement of copartnership were as well known to the plaintiff as to the defendant Clark; and the negotiations, whatever they were, having culminated in the agreement, that necessarily established the relations of the parties, and it cannot be altered by parol. It is true that it is alleged that the defendant Clark is in possession of one copy of the original paper by which the plaintiff alleges the copartnership was formed, but it is not alleged, so far as we have been able to find, that the plaintiff has not the other. It was therefore entirely unnecessary that the defendant should be examined in order to prove the paper by which the plaintiff alleges the copartnership was formed. It appears from the pleadings that, if the existence of the partnership under the alleged agreement is established, then the terms and conditions thereof have been broken, and the plaintiff would be entitled as a matter of right to an accounting, which would not be taken by the court, but by a referee, and the plaintiff would have ample opportunity before such referee to examine the defendants as to the application of money belonging to the partnership to their own use. The court would not, under any circumstances, take the account between the parties, and all that could be tried in the first instance was as to whether the plaintiff was entitled to an account; and, if the plaintiff establishes that fact by proving the copartnership, then, as the defendants state that they have not made any statement to him of the receipts and expenditures as required by the alleged copartnership agreement, the plaintiff would be entitled to a decree in his favor for an accounting and a dissolution of the partnership. It therefore appears upon the very face of the papers that an examination of the defendant is not necessary for the establishment of the plaintiff's case in the first instance, and cannot in any way aid him in respect thereto, because the facts in reference to the establishment of the copartnership are as well known to the plaintiff as they are to the defendants, and under such circumstances an examination of the defendant before trial is not a proper exercise of the discretion of the court. *Jenkins* v. *Putnam,* 106 N. Y. 275, 12 N. E. Rep. 613. For these reasons we are of opinion that no necessity whatever for examining the defendant before trial is set out in the papers in question, and the order should have been vacated. The order appealed from is therefore reversed, with $10 costs and disbursements, and the order for the examination of the defendant before trial vacated.

MACOMBER and BARTLETT, JJ., concur.