WILLIAM W. DUDLEY, APPELLANT, *v.* THE PRESS PUBLISHING COMPANY, RESPONDENT.

*Extending time to answer — for what period such time is properly extended, while the plaintiff by absence from the State prevents service of an order for his examination.*

Upon an appeal from an order denying a motion to vacate or limit an order extending the defendant's time to answer, it appeared that the action was commenced on November 3, 1888, to recover damages for the publication of an alleged libel, and that the complaint was served on the twentieth of the same month, and that when the time for the defendant to answer was about to expire an order was made extending it, which order was obtained because of the inability of the defendant's attorney to serve upon the plaintiff an order for his examination made, under the authority of section 872 of the Code of Civil Procedure, in order to allow the defendant to ascertain facts necessary to enable it to frame its answer.

After this order for the plaintiff's examination had been obtained diligent efforts were made to serve it upon the plaintiff personally, but they were unsuccessful because of the fact that he had left the State of New York.

*Held*, that this order for the plaintiff's examination, so long as it remained in force, must be held to have been regularly made, and that it entitled the defendant to an examination of the plaintiff as a witness under its direction, before the defendant could be compelled to serve an answer in the action.

APPEAL from an order made at a New York Special Term on the 12th day of February, 1889, and entered in the office of the clerk of the county of New York on the same day, denying a motion to vacate or limit an order extending the defendant's time to answer.

*George Bliss*, for the appellant.

*De Lancey Nicoll*, for the respondent.

DANIELS, J. :

This action was commenced on the 3rd of November, 1888, to recover damages for the publication of an alleged libel. The complaint was served on the twentieth of the same month, and when the time for the defendant to answer was about to expire an order was made extending it. This order was obtained chiefly because of the inability of the defendant's attorney to serve upon the plaintiff an order for his examination made under the authority of section 872 of the Code of Civil Procedure. This order was made upon the ground that it was necessary that the defendant should examine the plaintiff as a witness in the action, for the purpose of obtaining a knowledge of facts requisite for framing and serving the answer. After this order was obtained diligent efforts were made to serve it upon the plaintiff personally, but they were unsuccessful because of the fact that he had left the State of New York.

This order, so long as it remains in force, must be held, as it reasonably may be from the affidavits upon which it was obtained, to have been regularly made, and it entitled the defendant to an examination of the plaintiff as a witness under its directions, before it could be obligated to serve its answer in the action. That examination was shown to be necessary to obtain a knowledge of facts without which the answer could not be intelligently framed. The inability to serve the order upon the plaintiff furnished a ground, therefore, for the extension of the defendant's time to answer, and that was sufficient to entitle it to a denial of this motion.

It may, however, be not inappropriate to add that the mere making of the order for the examination of the plaintiff, followed by ineffectual efforts to serve it personally upon him, will not entitle the defendant to an indefinite repetition of orders extending the time to answer. For by section 875 of the Code of Civil Procedure the order, after it has been obtained, must be served upon the attorney of the plaintiff in the action. And compliance with that section is in no respect impractical or out of the power of the defendant's attorney. And such a service may result in the voluntary appearance and examination of the plaintiff. If it does not, then a case will be presented upon which the court may order a substituted service of this order, if that authority can be exercised, in view of the other provisions contained in title 3 of article 1 of the Code. What the defendant is required to do is to proceed, as far as it may be permitted, to make the service of the order for the examination of the plaintiff effectual. And if that shall fail to secure his attendance, then a case will appear to arise entitling the defendant to a continued extension of its time to answer the complaint. The plaintiff by bringing this action in this court has subjected himself to its jurisdiction. And if he fails to comply with the order legally and properly made, after being by its service brought to the knowledge of himself or his attorneys, he may forfeit his right to proceed in the action and even entitle the defendant to a dismissal of his complaint. As the case now appears, the order was a proper one from which the plaintiff has appealed, and it should be affirmed, with ten dollars costs and the disbursements.

Van Brunt, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.