WILLIAM W. DUDLEY, APPELLANT, *v.* THE PRESS PUBLISHING COMPANY, RESPONDENT.

*A plaintiff avoiding service of an order — will not be heard on a motion to vacate it.*

It is the duty of the plaintiff in an action, to obey the orders of the court, made for the purpose of promoting the proceedings in the litigation, and where an order is obtained for the examination of the plaintiff as a witness before trial, and the plaintiff intentionally avoids placing himself where he may be personally served with the order, he will not be heard by the court on an application to vacate it.

In such case the plaintiff is not entitled to the assistance of the court, either by having it consider the grounds upon which the order has been made, or determine whether or not they are supported by the facts which the affidavits, upon which such order was obtained, establish.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 13th day of May, 1890, by which it was ordered that the plaintiff's motion to vacate and set aside an order, dated February 15, 1890, and to vacate and set aside an order, dated January 20, 1890, be and the same hereby is denied, with ten dollars costs, to be paid by the plaintiff to the defendant.

*George Bliss*, for the appellant.

*De Lancey Nicoll*, for the respondent.

DANIELS, J.:

This action is for the recovery of damages for the publication of an alleged libel, and it was commenced in November, 1888. On the application of the defendant an order was thereafter made

directing the plaintiff to appear and submit to an examination, for the purpose of supplying the defendant with such information as was sworn to be necessary to enable it to frame and serve its answer, and an order was made extending the time to answer for the purpose of taking this examination of the plaintiff.

The order for his examination was not served upon him for the reason, as it was there stated, that he could not be found within the State to make this service upon him, and an application was made in his behalf to vacate the order extending the time for the defendant to answer. This motion was denied because of the inability to serve the order for the examination of the plaintiff upon him on account of his continued absence from this State. And upon an appeal from that order to the General Term, the order was affirmed substantially for that reason. (*Dudley* v. *Press Publishing Co.*, 53 Hun, 347.)

Since that time other orders of the same character have been made to obtain the examination of the plaintiff and to extend the time for the defendant to answer, until the information desired to be obtained shall be secured by his examination. They were continued to the 1st of January, 1890, when the order for the examination of the plaintiff was made, which it was the object of this motion to vacate and set aside.

On the 23d of January, 1890, the further order followed allowing the order for the examination of the plaintiff to be personally served upon him wherever he might be found. This service, as well as others made upon the plaintiff, was to comply with the suggestion contained in the decision of the preceding appeal, that the order for his examination should be served upon his attorneys, and also upon himself, even though he should not be found within the limits of the State. The object of this was not to obligate the plaintiff to appear and submit to the examination as he would have been obligated to do if the service had been made upon him in this State pursuant to the directions contained in section 873 of the Code of Civil Procedure; but it was with the expectation that if he did not intend to evade the regular service of the order, and was willing to comply with the directions given by the court, he would arrange in some way for his voluntary appearance in the proceeding, and thereby comply with the directions contained in the order. But

that he has failed to do, and what has been accomplished by the service of the orders upon him out of the State is to prove that the defendant has performed all that was within its power to bring about the plaintiff's appearance and secure his examination. But this has proved unsuccessful, for the plaintiff at no time has indicated any disposition on his part voluntarily to appear and answer in compliance with the directions. Not only has the service suggested been made of orders, but applications have been made to the attorneys for the plaintiff to secure his voluntary appearance for his examination; but all these have alike proved to be unsuccessful.

As to one of the orders it is stated in the affidavit of Mr. Keatinge, with apparent reliability, that the plaintiff was present in the city of New York, and registered as a guest at the Everett House on Sunday, November 24, 1889; that he had been served, personally, on the 16th of November, 1889, with an order requiring him to appear on Monday, the twenty-fifth of November, and submit to this examination. And that the order was made and served upon him as well as upon his attorneys are facts that are clearly established. But he did not appear as required by the order but left the city either on Sunday evening or Monday morning. These are facts, together with the others, establishing the service of other orders upon him, clearly indicating his intention to be not to comply with the orders made in this manner by the justices of this court. His disposition has been clearly manifested to avoid the obligation of complying with either one of these orders.

In support of the application to vacate the two orders, it has been stated in the affidavit of Mr. Bliss that, for some months past, the plaintiff had been in the city of New York at frequent intervals, and openly, and could have been served with the order by the use of reasonable diligence. And there is no reason for doubting the correctness of the statement of Mr. Bliss as to the presence of the plaintiff in the city of New York; but the fact is equally as well confirmed by the other affidavits made in the case, that information of his presence in this manner never has been brought to the attention of either the attorney for the defendant or any of the defendant's officers, and neither of these persons appear to have had any reason for supposing that the plaintiff was present in the city of New York at any time while he remained here.

No opportunity, therefore, was afforded to the defendant to make a personal service of this order upon the plaintiff. But, from the other circumstances in the case, especially those occurring in November, 1889, it is evident that the plaintiff has been actuated with the intention, when he has visited this city, of avoiding the service of the order and practically declining to obey its mandate. And under these circumstances the court could not, with any just respect for its own proceedings, listen to his application to vacate either of these orders. It is his duty, as a suitor in court, to obey the directions given by its justices for the purpose of promoting the proceedings in the litigation, and as long as he intentionally avoids placing himself where he may be personally served with the order, he cannot consistently expect to be heard in an application to vacate it. That it has been his intention to avoid the personal service of this order is further sustained by his omission to make any affidavit whatever explanatory of his failure voluntarily to appear, or of his successful avoidance of the personal service of the order.

That it is the duty of the court not to listen to an application of a party affected by this misconduct to vacate orders adversely to him has been considered and held, under somewhat like circumstances, in *Keenan* v. *O'Brien* (53 Hun, 30) and *Matter of O'Byrne* (55 id., 438), as well as in the preceding decision made upon the plaintiff's appeal.

If it shall be the intention of the plaintiff to submit himself to the personal service of an order for his examination, the least he can do will be to extend the information of that fact to some person interested in making or bringing about the service. For without information of that character from himself or some other source, the officers and attorney of the defendant have no reason to believe that any efforts they may make will result in bringing about the personal service of this order.

Under the facts as they are now presented, the plaintiff is not entitled to the assistance of this court either in considering the grounds upon which the orders have been made, or determining whether or not they are supported by the facts which the affidavits establish. As long as he intentionally avoids the personal service of the order, he must be contented to have the proceedings in the action suspended and practically stayed. And it may be, if this

continued disposition to avoid service of the order for his examination shall be hereafter prolonged, that the court will consider it its duty altogether to dismiss his action. It is not necessary to determine that point at the present time, but it is sufficient that the facts which are proven do not entitle the plaintiff to any consideration of the merits of his application at the hands of the court.

And the order should be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.