### WITCHER v. TRIBUNE ASS'N.

*(Superior Court of New York City, General Term.     April 16, 1891.)*

DISCOVERY—EXAMINATION OF NON-RESIDENT.

    Under Code Civil Proc. N. Y. § 873, providing that service of an order for examination of a party before trial "must be made within the state," and section 886, providing that, where such party is not a resident of the state, "he shall not be required to attend in any other county than that wherein he is served with a subpœna, unless for special reasons," etc., where, on the application for such an order, made on notice to the party sought to be examined, it appears that he is a non-resident, and that service of the order cannot be made within the state, the court may decline to make such order.     INGRAHAM, J., dissenting.

Appeal from special term.

Action by Vincent A. Witcher against the Tribune Association.     Defendant appeals from an order denying its motion for an order that the plaintiff appear and submit to an examination before trial, and that, in the event of plaintiff's failure to appear for examination as directed, the trial of the action be stayed.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Sackett & Bennett*, (*Henry Woodward Sackett*, of counsel,) for appellant. *Maltby, Bayne & Marshall*, (*Howard R. Bayne*, of counsel,) for respondent.

FREEDMAN, J.     The application of the defendant for an order directing the plaintiff to appear and submit to an examination before trial, as a witness on behalf of the defendant, was made on notice to plaintiff's attorneys, and on the hearing affidavits were read on both sides.     The court was therefore in

the position in which it would have been if an order for the examination had been previously granted *ex parte*, and the plaintiff had moved, on affidavits and on notice to the defendant, for the vacation of the order. In such a case it has been, ever since the decision of *Levy* v. *Loeb*, 44 N. Y. Super. Ct. 291, affirmed 75 N. Y. 609, the practice of this court to require that the papers in support of the application shall fully establish, by facts and circumstances, the necessity and materiality of the examination sought, and the good faith of the application, and then to exercise a sound discretion as to whether, upon all the facts disclosed, the examination shall or shall not be had. This practice is also sanctioned by the decision of the court of appeals in *Jenkins* v. *Putnam*, 106 N. Y. 272, 12 N. E. Rep. 613. Of still greater importance is the question of jurisdiction whenever the power of the court is challenged in an important particular. In the case at bar it was shown in the moving affidavit, as well as by the affidavit read in opposition, that the plaintiff is not a resident of this state, but resides in or near Riceville, in the state of Virginia. It was also shown by the opposing affidavit that the plaintiff has not been within this state since the commencement of the action, and that he does not intend to come here before trial, if then. Section 873, Code Civil Proc., expressly provides that service of the order for the examination of a party must be made within this state; and section 886 prescribes that, if the person to be examined is a resident of the state, he shall not be required to attend in any county other than that in which he resides, or where he has an office for the regular transaction of business in person; and that, if he is not a resident, he shall not be required to attend in any other county than that wherein he is served with a subpœna, unless, for special reasons stated in the affidavit, the order otherwise directs. The court possesses no inherent power to order the examination of a party before trial, at the instance of an adverse party. The jurisdiction is purely statutory, and depends solely upon the provisions of the Code. Whenever, therefore, it is made to appear that the party sought to be examined is a non-resident, the court may require proof of the ability of the applicant to make service of the order within the state, and, in the absence of such proof, the court may decline to make what appears to be a useless order. In the present case no such proof was adduced, and, moreover, it affirmatively appeared that service of the order cannot be made within the state. Irrespective, therefore, of the question of the good or the bad faith of the application, the order was properly refused for the reason stated. If it had been made *ex parte*, and the plaintiff had moved for its vacation upon affidavit showing that he is a non-resident, and that service cannot be made upon him in this state, the court would have been bound to vacate it under the decision of the general term of this court in *Dunham* v. *Insurance Co.*, 44 N. Y. Super. Ct. 387, 6 Abb. N. C. 70. There is no power in the court to require the plaintiff, as a resident of another state, to come to New York from such state, for the sole purpose of being examined. The case of *Dudley* v. *Publishing Co.*, 6 N. Y. Supp. 388, does not call for a different conclusion. It does not appear that Dudley was shown to be a non-resident. The claim was that he had left the state of New York, and thus prevented service of the order. Moreover, he had not moved to vacate the order for his examination which had been granted *ex parte*. It was for these reasons that the order denying the motion of the plaintiff in that case to vacate or limit an order extending the defendant's time to answer was affirmed, and from the opinion delivered on that occasion it seems that the court was not called upon to and did not consider the effect of sections 873 and 886 of the Code of Civil Procedure. The order appealed from should be affirmed, with $10 costs and disbursements.

SEDGWICK, C. J. I concur. The appellant's counsel disclaimed any intention to maintain a right to an order of the ordinary kind for an examination before trial of a party.

INGRAHAM, J., (*dissenting*.)   The examination of a party before trial, at the instance of the opposite party, is regulated by the Code.   Section 873 provides for granting such an order.   It is there provided that the judge to whom the affidavit required by section 873 of the Code is presented must grant an order for the examination, and that the order must require the person who is to be examined to appear before the judge for the purpose of taking the examination at a time and place therein specified.   There is no provision as to notice of the application, and the usual practice is to apply *ex parte;* but there is no reason why a party should not give notice that he intends to apply to a judge of a court, at a time and place named, in an order requiring the opposite party to appear and be examined, and the fact that notice was given does not deprive the party making the application of his right to the order. If the affidavit on which the application was made complied with section 872 of the Code, the judge to whom the application was made was bound to grant an order requiring the plaintiff to appear before him, and submit to an examination, at a time and place therein named.   I think the affidavit on which the order was applied for was sufficient.   The provisions of section 872 were complied with, and it is clear that the examination of the plaintiff was material and necessary, and that the defendant intended to read the deposition upon the trial of the action.   The judge to whom the application was made should therefore have granted an order for the examination of the plaintiff. The balance of the relief asked for was properly denied.   It did not appear but that the plaintiff would appear and submit to an examination if he was ordered to do so by a judge of the court.   It is true he was a non-resident, but until an order was duly granted and evidence presented to the court that he could not be served, and had refused to appear, no order of the court should be made staying the proceedings until he should so appear.   It is not intended to intimate an opinion as to whether or not the court should grant an order staying proceedings until the plaintiff should appear and submit to an examination already ordered; but until an order has been granted, and the plaintiff has failed to appear, there was no foundation for an application to the special term of the court for such an order.   There can be no doubt as to the power of the court to stay proceedings in an action in case of the disobedience of its order, whether such a stay would be granted or not, in the sound discretion of the court.   I think the order should be reversed, so far as it refused to grant an order for the examination of the plaintiff, and affirmed so far as it denied the defendant's motion for a stay of proceedings, without costs of this appeal to either party.