(11 Misc. Rep. 519.)

## WALLACE v. REINHART.

(Superior Court of New York City, General Term. March 4, 1895.)

1. DISCOVERY—EXAMINATION OF NONRESIDENT.
    Where an order was obtained for the examination before trial of a nonresident defendant, and such defendant's attorneys, by his authority, accepted personal service of the papers for him, on the condition, which was assented to, that the examination would not proceed until a certain time, jurisdiction over defendant thereby attached, and brought the case within the provisions of Code Civ. Proc. § 886, permitting the examination of a party before trial if he can be found within the jurisdiction of the court, though he is a nonresident. Witcher v. Association, 14 N. Y. Supp. 290, distinguished.

2. SAME—DEFENSE TO APPLICATION—DENIAL OF INFORMATION.
    The right of a party to examine the adverse party as a witness before trial cannot be arbitrarily defeated by the denial of the adverse party that he can give any information.

Appeal from special term.

Action by Matilda Wallace against Joseph W. Reinhart. From an order vacating an order for the examination of defendant as a witness before trial, plaintiff appeals. Reversed.

Argued before SEDGWICK, C. J., and McADAM and BEEKMAN, JJ.

Dittenhoefer, Gerber & James, for appellant.

Eugene L. Richards, Jr., for respondent.

McADAM, J.    The plaintiff sues to recover $50,000 damages from the defendant for publishing a statement purporting to give the financial condition of the Atchison, Topeka & Santa Fé Railroad Company, of which the defendant was then president. Plaintiff claims that, relying on said statement, she was induced to and did purchase 1,500 shares of the capital stock of said company, which would have been very valuable if the facts represented therein had been true, but which stock proved to be worthless, owing to the insolvency of the company at the time, the representations made being false and fraudulent. The defendant answers, denying the material allegations of the complaint. The plaintiff thereafter procured an order requiring the defendant to appear before a referee, and submit to examination as a witness before trial concerning the matters at issue. The defendant resided in New Jersey; but his attorneys agreed to, and did by his authority, accept personal service of the papers for him, upon the condition, which was assented to, that the examination would not proceed until the middle of November, 1894. Jurisdiction over the defendant in the proceeding, therefore, attached, and the reason for vacating a similar order against a nonresident in Witcher v. Tribune Ass'n (Super. Ct. N. Y.) 14 N. Y. Supp. 290, was obviated. The case was clearly brought within the provisions of section 886 of the Code, which permits the examination of a party as a witness before trial, provided he can be found within the jurisdiction of the court, though he be a resident of another state. Witcher v. Jones (Com. Pl. N. Y.) 5 N. Y. Supp. 917; Hesse v. Briggs, 45 N. Y. Super. Ct. R. 417; Dudley v. Publishing Co., 53 Hun, 347, 6 N. Y. Supp. 388. The objection to the jurisdiction of the court is therefore without force.

This brings us to the real question involved, and that is whether the examination before trial was material to establish the plaintiff's right of action. It will certainly be necessary, in order to make out the plaintiff's cause of action, to prove that the company was in a precarious or insolvent condition at the time the defendant published the statement representing it to be prosperous, and its stock as affording opportunities for investors more inviting and safe than other listed securities. As the defendant had been successively auditor, director, vice president, and president of the company, and had in his statement assumed to possess full knowledge of its condition and resources, even to details, he, above all others that might be named, would naturally appear to be a most important witness at the trial of an issue involving the company's financial status, and the plaintiff had a right to his testimony before trial, so as to prove her case. As the plaintiff is conceded to have complied with all the requirements of the Code, she became entitled to the examination sought, and cannot be arbitrarily deprived of it, even on affidavits on the part of the defendant that he can give no information. Davis v. Stanford, 37 Hun, 531; In re Nolan, 70 Hun, 536, 24 N. Y. Supp. 238; Green v. Carey, 81 Hun, 496, 31 N. Y. Supp. 8. She did not seek a production or an examination of the books of the company, and the fact that they are not now under the defendant's control furnishes no reason why his examination as a witness should not

proceed.    For these reasons the order appealed from must be reversed, with costs, and the examination directed to proceed at a time to be fixed in the order.    All concur.