McAdam, J.
This plaintiff sues to recover $50,000 damages from the defendant for publishing a statement purporting to give the financial condition of the Atchison, Topeka and Santa Fe Railroad Company, of which the defendant was then president. Plaintiff claims that, relying on said statement, she was induced to and did purchase 1,500 shares of the capital stock of said company, which would have been very valuable if the facts represented therein had been true, but which stock proved to be worthless owing to the insolvency of the company at the time, the representations made being false and fraudulent.
The defendant answers denying the material allegations of the complaint. The plaintiff thereafter procured an order requiring the defendant to appear before a referee and submit to examination as a witness before trial concerning the matters at issue.
The defendant resided in Mew Jersey, but his attorneys agreed to, and did by his authority, accept personal service of the papers for him, upon the condition, which was assented to, that the examination would not proceed until the middle of November, 1894. Jurisdiction over the defendant in the proceeding, therefore, attached, and the reason for vacating a similar order against a nonresident in Witcher Tribune Association, 59 N. Y. Supr. Ct. R., 224; 38 St. Rep. 364; 14 N. Y. Supp., 290, obviated. The case was clearly brought within the provisions of sec. 886 of the Code, which permits the examination of a party as a witness before trial, provided he ‘can be found within the jurisdiction of the court, though he be a resident of another state. Witcher v. Jones, 23 St. Rep., 1007; Hesse v. Briggs, 45 N. Y. Supr. Ct. R., 417 ; Dudley v. Press Pub. Co., 53 Hun, 347; 25 St. Rep. 32. The objection to the jurisdiction of the court is, therefore, without force.
This brings us to the real question involved, and that is whether the examination before trial was material to establish the plaintiff’s right of action. It will certainly be necessary, in order to make out the plaintiff’s cause of action, to prove that the company was in a precarious or insolvent condition at the time the defendant published the statemant representing it to be prosper- *470 pus, and its stock as affording opportunities for investors more inviting and safe than other listed securities. As the defendant had been successively auditor, director, vice-president, and president of the company, and had in his statement assumed to possess full knowledge of its condition and resources, even to- details, he above all others that might be named would naturally appear to be a most important witness at the trial of an issue involving the company’s financial status, and the plaintiff had a right to his testimony before trial so as to prove her case.
As the plaintiff is conceded to have complied with all the requirements' of the Code, she became entitled to the examination sought, and cannot be arbitrarily deprived of it even on affidavits on the part of the defendant that he can give no information. Davis v. Stanford, 37 Hun, 531; Matter of Nolan, 70 Hun, 536 ; 53 St. Rep. 737 ; Greene v. Carey, 81 Hun, 496 ; 63 St Rep. 332. She did not seek a production or an examination of the books of the company, and the fact that they are not now under the defendant’s control, furnishes no reason why his examination as a witness should not proceed.
For these reasons the order appealed from must be reversed, with costs, and the examination directed to proceed at a time to be fixed in the order.
Sedgwick, C. J. and Beekman, J. concur.