FARMERS' NATIONAL BANK of Annapolis, Respondent, v. WILLIAM A. UNDERWOOD, Appellant, Impleaded with CLARENCE H. VENNER.

*Examination of a non-resident party plaintiff before action — relative rights of a resident and non-resident party — power of the court to extend the time to answer where a non-resident plaintiff will not submit to an examination.*

In an action brought by a corporation located at Annapolis, Md., the defendant obtained an order for the examination of the president of the corporation, a resident of Annapolis, directing him, as an adverse party, to appear for examination in New York, the object being to secure certain information which would assist the defendant in framing his answer. The defendant having procured an order for service without the State, service was made upon the president in Annapolis, and also upon the attorney for the plaintiff; the president not appearing upon the return day, the defendant moved to dismiss the action, but the court denied the motion, and ordered the defendant to answer within ten days.

The plaintiff made no motion to vacate the order for the examination of its president.

*Held,* that while the order remained in force the court must assume that it was regularly made, and that it was the duty of the plaintiff either to obey it or to move to vacate it;

That where an order was in full force and effect there was no distinction, with regard to obeying it, between an order directed against a resident and one directed against a non-resident;

That a non-resident plaintiff could not claim rights and immunities denied to a resident party, and ignore orders of the court brought to the actual knowledge of his attorney or himself;

That while it might be that since the Code of Civil Procedure (§ 873) has provided that service of an order "must be made within the State," the court could not, by service without the State, require a non-resident party to come into the jurisdiction and submit to an examination, or punish him for con

tempt for not doing so, yet the court had power, in a proper case, to direct that, unless a non-resident plaintiff did submit himself to examination, the time within which the defendant must answer should be extended, or other relief afforded, which would give the defendant the same rights against a non-resident as he would have against a resident plaintiff;

That the order requiring the defendant to serve his answer within ten days should be reversed, and that his time to answer should be extended until the plaintiff submitted himself to the jurisdiction of the court, or until he applied for and secured a vacation of the order for his examination.

APPEAL by the defendant, William A. Underwood, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of September, 1895, denying said defendant's motion to strike out the complaint and dismiss the action.

The order appealed from not only denied the relief asked by said defendant, but extended relief to the plaintiff by requiring the said defendant to serve his answer within ten days from the entry and service of the order appealed from.

This action was commenced by the service of a summons and complaint on the 9th day of November, 1894. The plaintiff is a banking association transacting business in Annapolis, Maryland, where its president resides. On January 9, 1895, the defendant Underwood obtained, *ex parte*, an order to examine the president of plaintiff as an adverse party and for an inspection and discovery of plaintiff's books, which order was vacated on plaintiff's motion. Subsequently two other orders requiring plaintiff to give certain information were obtained, one of which was granted in part and in part denied, and the last one of which was vacated on plaintiff's application. This being the situation of the proceedings, the defendant Underwood, on June 1, 1895, obtained an order for the examination of the president as an adverse party, directing him to appear for such examination in New York city. As this could not be served within the State an order for service without the State was secured, and thereafter the service was made in Annapolis on the president and on the plaintiff's attorney. By reason of certain defects two other orders were obtained, and finally on June eighteenth an order was secured extending the time for the taking of the deposition and examination, as provided for in the order of June first, until the 20th day of June, 1895, and further providing for service of the

orders and copy of the last order, and the affidavit upon which it was granted, " upon the attorneys of said plaintiff, and upon the said J. Wirt Randall, the president of the plaintiff, within or without the State, wherever he may be found, on or before the 19th day of June, 1895." This order was served, in accordance with its provisions, upon the attorney and the president, but on the return day the latter did not appear. Thereupon the defendant moved to strike out the complaint and dismiss the action, and for other relief, which motion was denied, and an order was thereupon entered which, besides denying the motion, contained this provision : " Ordered, peremptorily, that the defendant William A. Underwood serve his answer herein upon the plaintiff's attorney within ten days after service of a copy of this order." The questions presented for consideration arise upon the appeal from this last order.

*Walter H. Underwood*, for the appellant.

*Chas. De Hart Brower*, for the respondent.

O'Brien, J. :

It is conceded that plaintiff did not move to vacate ; that its president did not appear for examination, and that the order of June first, as subsequently amended, was in full force and vigor at the time the motion was made to dismiss the complaint. Upon this appeal, however, it is insisted that such order is void, because providing for the examination of the plaintiff's president in New York city, while the papers show that he resided in Annapolis, and that he could not be served within the State. And this proposition is seemingly supported by the case of *Witcher* v. *Tribune Association* (14 N. Y. Supp. 291). In the opinion in that case it is said : " If it (the order) had been made *ex parte*, and the plaintiff had moved for its vacation upon affidavit showing that he is a non-resident and that service cannot be made upon him in this State, the court would have been bound to vacate it under the decision of the General Term of this court in *Dunham* v. *Insurance Co.* (44 N. Y. Super. Ct. 387 ; 6 Abb. N. C. 70). There is no power in the court to require the plaintiff, as a resident of another State, to come to New York from such State for the sole purpose of being examined." Without expressing assent to these views we do not think such question is involved, the order

for the examination not having been assailed by motion or vacated. As long as it remains in force it must be assumed to have been regularly made, and the duty was upon the plaintiff either of moving to have it vacated or of complying with its terms.

Although differing in its facts, the principle here involved is somewhat analogous to that in the cases of *Dudley* v. *Press Pub. Co.* (53 Hun, 347; 58 id. 181). In the former, plaintiff moved to vacate extensions of time granted to defendant, and, it appearing that efforts to serve an order for plaintiff's examination were unsuccessful, because plaintiff had left the State, it was held that so long as the order for the plaintiff's examination remained in force it must be held to have been regularly made, and that it entitled the defendant to an examination of the plaintiff as a witness under its direction before the defendant could be compelled to serve an answer in the action. As therein said : " And if he fails to comply with the order legally and properly made, after being, by its service, brought to the knowledge of himself or his attorneys, he may forfeit his right to proceed in the action, and even entitle the defendant to a dismissal of his complaint." And in 58 Hun, 181, where the plaintiff moved to vacate the order for his examination, it was said : " No opportunity, therefore, was afforded to the defendant to make a personal service of this order upon the plaintiff. But from the other circumstances in the case  *  *  *  it is evident that the plaintiff has been actuated with the intention when he has visited this city of evading the service of the order and practically declining to obey its mandate ; and, under these circumstances, the court could not, with any just respect for its own proceedings, listen to his application to vacate either of these orders. It is his duty as a suitor in court to obey the direction given by its justices for the purpose of promoting the proceedings in the litigation, and, as long as he intentionally avoids placing himself where he may be personally served with the order, he cannot consistently expect to be heard in an application to vacate it."

It is true that in both these cases the relief was denied upon the ground that the plaintiff was guilty of misconduct and was contumacious, in that, being a resident of the State, he refused to obey an order served upon him within the State, and, as to another order, absented himself so that service could not be obtained. They are

authority, however, for the proposition that as long as the order for the examination remains in full force and effect it cannot be treated as a nullity, but that it is the duty of the person against whom it is obtained either to obey it or to move to have it vacated.

The regularity and sufficiency of the papers upon which the order of June first was granted having never, therefore, been called in question, it must be assumed that the order is a proper one and made upon proper application. And the order for the examination of the plaintiff's president being in full force and effect, the defendant was entitled to the benefit of such examination, and, failing to obtain the same by the default or disobedience of the plaintiff, he was seemingly entitled to some relief, for which he applied to the court.

The suggestion that, with regard to obeying orders, there is a distinction between those made as against a resident and those made against a non-resident party, if recognized, would present an anomaly in our practice; because in effect it would be according to a non-resident, rights and privileges which are denied to our own citizens. It would in effect be holding that while in an action brought against a resident he must submit to all the orders and mandates of the court, a non-resident can choose this forum and proceed in utter disregard of the court's directions. We do not think a non-resident plaintiff can claim rights and immunities denied to a resident party and ignore orders and directions of the court brought to the actual knowledge of his attorney or himself. Non-residence does not enlarge his rights or diminish those of the defendant. If such a rule were to prevail, it would be easy to have claims assigned to non-residents, or in cases where they had claims in their own right, to place themselves just outside of the jurisdiction of the court and proceed against our citizens without being amenable to the orderly procedure which in actions affords to a defendant certain rights as against the plaintiff.

It may be, since the Code of Civil Procedure provides (§ 873) that service of the order " must be made within the State," that the court is without power by service without the State to require a non-resident party to come into the jurisdiction and submit to an examination, or punish him for contempt should he disobey such an order. But this is an entirely different thing from saying that the court has not the power to direct, upon a proper showing being made by a

defendant for the examination of a non-resident plaintiff, that until such plaintiff shall submit himself to the jurisdiction of the court for the purposes of such examination, the time within which the defendant shall be required to answer shall be extended, or such other relief afforded as will accord to the defendant the same rights against a non-resident as he would have against a resident plaintiff. Without passing upon the question, therefore, as to whether the court, by reason of the failure of such non-resident to appear within the jurisdiction for the purposes of service, could grant the motion to dismiss the complaint or the action, we think that it was not without power to accord some relief, and that it was erroneous, where such relief was asked, for the court, not only to deny it, but to go one step further and peremptorily direct that the appellant should serve his answer within ten days.

We think, therefore, that so much of the order as requires the appellant to serve his answer should be reversed, and that relief should be accorded to the appellant by extending his time to answer until such time as the plaintiff submits itself to the jurisdiction of the court or applies for and secures a vacation of the order for the examination of its president.

Order accordingly reversed, with ten dollars costs of the motion below and ten dollars costs on this appeal and disbursements.

Van Brunt, P. J., concurred.

Order reversed as directed in opinion, with ten dollars costs and disbursements of appeal and ten dollars costs of motion in the court below.