defendants were entitled to judgment, as was said in Pollock v. Iron-Works Co., 157 N. Y. 699, 51 N. E. 979; and to the same effect is the ruling in Meyer v. Home Co., 25 Misc. Rep. 686, 55 N. Y. Supp. 566, where the court, on appeal, was asked to review the facts, and held that it was without the faculty to do so, and for the reasons stated. We have not found in the record or in the verdict anything which commends the case to us as one where a different determination is called for, and are therefore of the opinion that the judgment and order appealed from must be affirmed, with costs. All concur.

(29 Misc. Rep. 600.)

## DENNIS v. TEBBITTS.

(City Court of New York, General Term. November 16, 1899.) ·

1. DEPOSITIONS—APPLICATION—SUFFICIENCY.

Under Code Civ. Proc. § 872, subd. 1, providing that, where a deposition is desired, an affidavit shall be made, setting forth the names and residences of all the parties to the action, and the names and the residence or office address of attorneys who have appeared, and also the name and residence of the person to be examined, an affidavit for the examination of defendant and another, not a party, which gives neither the names of the attorneys, as such, nor their places of residence or business, nor the residence of the defendant, nor that of the other person to be examined, other than the "defendant, T., of" a certain street and number, and "the agent, P.," of a certain street and number, is insufficient.

2. SAME—AFFIDAVIT—RESIDENCE OF WITNESS UNKNOWN.

The affidavit on an application to take the deposition of a party whose residence is unknown must state that an attempt and failure to ascertain it were made.

Appeal from special term.

Action by Oscar J. Dennis against John S. Tebbitts, doing business under the name of the Robert Pierce Company. From an order denying a motion to vacate an order for the examination of defendant, John S. Tebbitts, as a party, and Robert Pierce as a witness, defendant appeals. Reversed.

Argued before McCARTHY and CONLAN, JJ.

Menken Bros., for appellant.
Case & Ludlow, for respondent.

CONLAN, J. This is an appeal from an order denying a motion to vacate an order for the examination of the defendant, John S. Tebbitts, as a party, and Robert Pierce as a witness, before the trial. The action is pending, so that the party applying for the order in the first instance must bring himself within the rule applicable to that part and those subdivisions of the Code relating thereto. The facts will sufficiently appear in the opinion.

The affidavit does not give the place of residence of either the parties or the attorneys. In Beach v. Mayor, etc., 14 Hun, 79, it was said: "Giving the address of the attorney is not sufficient. It must show whether it is his residence or office address." The affidavit in this case neither gives the names of the attorneys, as such, nor their

places of residence or business. It does not even give the residence of the defendant, or that of the other party to be examined, other than to say, "The defendant, John S. Tebbitts, of No. 102 West 58th street, and the agent, Robert Pierce, of 720 Seventh avenue." In Crooke v. Corbin, 23 Hun, 176, it was distinctly held that the affidavit must state the name and residence of the person to be examined, as the same is required by subdivision 4 of section 872 of the Code. It was held in Van Roy v. Morris, 30 Hun, 77, that the statements contained in the affidavit, both as to the parties and the attorneys, were wholly insufficient, and that a statement that the attorney is A. B., of such a street and number, was not a compliance with what has been positively required by subdivision 1 of section 872, so as to entitle a party to the order in that behalf. The court said: "The legislature has prescribed precisely what shall be done, and no difficulty whatever can stand in the way of complying with the requirements. Where that is not done, no right to examine the adverse party will be made out,"—and cited the case of Dunham v. Insurance Co., 6 Abb. N. C. 70. If the residence of the party were unknown, an attempt and failure to ascertain it must be stated.

In addition to all of the matters stated, which appear from an inspection of the record, we are not cited to a single authority upon the respondent's brief to sustain him in his contention of the sufficiency of the allegations in his moving papers.

Finding thus a sufficient reason why the order appealed from should not have been made, we do not discuss certain other objectionable features presented by the moving papers, and are of the opinion that the order appealed from must be reversed, with costs, and the motion to vacate the original order granted, with $10 costs.

McCARTHY, J., concurs.