(92 Misc. Rep. 225)

### JACKSON v. UNITED STATES TIRE CO.

(Supreme Court, Appellate Term, First Department. November 10, 1915.)

1. DISCOVERY ⬅️41—EXAMINING PLAINTIFF BEFORE ANSWER—LIMIT OF EXAMINATION.

The order of examination before answer of plaintiff in an action for breach of warranty in sale, before a certain date, of 12 tires, should be confined to the identity and date of purchase of such tires; defendant's affidavit being that it had sold many tires beyond such number to plaintiff's assignors prior to such date, and therefore is unable to determine what tires are referred to in the complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. ⬅️41.]

2. PLEADING ⬅️85—EXTENSION OF TIME—NOTICE.

The extension of time to answer, in an ex parte order for examination of plaintiff before answer, violates General Rules of Practice No. 24 and Rules of City Court No. 11, prohibiting, except on 2 days' notice to the adverse party, the granting by order of further time to serve a pleading, when time to serve it has previously been extended 20 days, where the order is not served on plaintiff or his attorney till the last day of the time to answer, as previously extended, for over 20 days.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 172–178; Dec. Dig. ⬅️85.]

3. JUDGMENT ⬅️145—OPENING DEFAULT—DISCLOSING DEFENSE.

Leave to defendant to open its default should be granted, without the necessity of its disclosing its defense, where without examination of plaintiff, for which it has an order, it is evident that it cannot know what, if any, defense it may have.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. ⬅️145.]

Appeal from City Court of New York, Special Term.

Action by William Jackson against the United States Tire Company. From an order denying plaintiff's motion to vacate an ex parte order directing his examination before answer, plaintiff appeals. Modified and affirmed conditionally.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Charles Weishaupt, of New York City, for appellant.

Herman Goldman, of New York City (Irving Zion, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff has sued for an alleged breach of warranty given by defendant in connection with the sale of 12 automobile tires,

"prior to December 9, 1912," to one of plaintiff's assignors, and for breach of warranty in regard to other tires delivered to the other of plaintiff's assignors under circumstances which are not material.

Defendant, upon an affidavit showing, among other facts, that it had sold many tires beyond the number named in the complaint to plaintiff's assignors prior to December 9, 1912, and therefore is not able to determine what tires are referred to in the complaint, has secured an examination of plaintiff "as an adverse party before trial concerning the alleged sale and warranty of 12 certain solid rubber automobile tires," etc.

[1] Although appellant contends in his brief that the defendant has mistaken its remedy, and should, if anything, apply for a bill of particulars before answer, he has, as I understand it, upon the argument substantially conceded that defendant is entitled to information sufficient to enable it to determine its defense, if any. Such information should, however, be confined to the identity and date of purchase of the tires complained of. The order appealed from is, however, manifestly far too broad to accomplish the simple purpose aimed at.

[2] Appellant also complains that the extension of time contained in defendant's order for examination violates both rule 24 of the General Rules of Practice and rule 11 of the Rules of the City Court. From plaintiff's affidavit it appears without contradiction that defendant's time to answer the amended complaint, served on July 20, 1915, had been extended a number of times, until under the last stipulation it expired on September 20th. The order for examination was obtained September 17th, but was not served on plaintiff's attorney until September 20th, and on the plaintiff himself September 23d or 24th. Under no circumstances, therefore, did plaintiff or his attorney have the two days' notice required by the rules.

[3] The defendant offers no excuse for its laches or delay, except to cite in its brief Dudley v. Press Pub. Co., 53 Hun, 347, 6 N. Y. Supp. 388, which differs radically from the case at bar in that very respect. I think, on the other hand, that if defendant should apply for leave to open its default, the order should be granted on payment of the costs of the action to date, without the necessity of defendant disclosing its defense, since, from the peculiar facts developed by the affidavits, it is evident that defendant cannot know what defense it may have, nor whether it has any at all.

If, therefore, to avoid the trouble and delay of an additional motion, both parties will within three days file their consent to treat the application for the order for examination as one also to open defendant's default on notice, the same will be opened upon payment by defendant of the costs of the action, namely, $25, and defendant's time extended as in the order of September 17, 1915, except that the right to demur should be eliminated. Said order will be also modified, however, by limiting the examination of plaintiff to a statement of the date of purchase and the identity of the tires complained of, or, in the alternative, at plaintiff's option, to furnish a bill of particulars thereof, such examination to take place or the bill be furnished on November 16th, and, as so modified, affirmed, with $10 costs and disbursements of this appeal to appellant. If the consent above provided

for is not filed by both parties, the order appealed from will be reversed, and the order of September 17, 1915, vacated, with $10 costs and disbursements of the appeal to appellant. All concur.