COITHE, receiver, &c. *vs.* CRANE.

An appeal bond may be good for the purpose of sustaining the appeal, although it is wholly insufficient to stay the proceedings upon the decree or order appealed from.

To render an appeal valid, it is sufficient if the appeal bond is in a penalty of not less than $250, with two sufficient sureties who have justified in at least double that sum, and conditioned to prosecute the appeal, and to pay such costs and damages as may be awarded against the appellant.

Where the affidavits of justification, by the sureties in an appeal bond, are endorsed upon, and filed with, the bond and the certificate of approval by the proper officer, and show that each of the sureties is worth the requisite sum, and has all the other qualifications to become such surety, it is not necessary that the certificate of approval should itself state all those facts.

Where the respondent considers the appeal bond as not sufficient to stay his proceedings upon the order or decree appealed from, he may proceed as though there was no appeal, leaving the appellants to apply, to the court below, to stay his proceedings or to set them aside as irregular; or he may himself apply to the court below for leave to proceed notwithstanding the appeal, upon the ground that the appellants have not given the requisite security to make the appeal a stay of the proceedings.

What must be the character of a decree to make it a final decree.

Where a decree directs the payment of costs, but does not fix the amount of such costs, and the costs have not been taxed at the time of the appeal, the officer who approves the appeal bond should fix the penalty thereof in a sum at least double the probable amount of the debt and costs decreed to be paid; and should take security accordingly.

THIS was an application on the part of the complainant to dismiss an appeal, by the defendant, from a decree of the assistant vice chancellor. The decree appealed from declared the right of the complainant, as the receiver in a creditor's suit, to certain property in the hands of the defendant, or which had been under his control, or the proceeds thereof; and directed an account to be taken of such property, and that upon the coming in and confirmation of the master's report, the defendant should pay to the complainant, or his solicitor, the amount so reported by the master, together with the complainant's costs, or so much of the amount so reported as would be sufficient to satisfy the amount of the judgment upon which the creditor's bill was filed, with interest and costs. The defendant appealed from the decree,

and gave a bond, with two sureties, in the penalty of $2000. And each of the sureties justified in the amount of the penalty of the bond, by an affidavit endorsed upon the bond, and containing all the requisites to show that he was a proper and competent surety to that amount. The bond was approved by the injunction master of the first circuit, as to its form and manner of execution and the sufficiency of the sureties therein. The appeal bond, in addition to the usual condition required by the eighteenth section of the title of the revised statutes, relative to writs of error and appeals, contained the further condition, in conformity with the provisions of the eighty-second section of that title, that if the appellant should fail to prosecute his appeal, or if the same should be dismissed or discontinued, or if the decree appealed from, or any part thereof, should be affirmed, then that the appellant should pay and satisfy the amount directed to be paid by such decree, or the part of such amount as to which such decree should be affirmed. The grounds of the objection to the appeal bond, stated in the notice of the application, were, that the penalty of the bond was not double the amount which the defendant was directed to pay by the decree; that the sureties had not justified in double the penalty of the bond, and that the officer who approved the appeal bond did not certify that each of the sureties named in the bond was worth double the penalty of the bond, over and above all debts and responsibilities.

*J. Rhoades*, for the appellant.

*D. D. Field*, for the respondent.

THE CHANCELLOR. An appeal bond may be good for the purpose of sustaining the appeal, although it be wholly insufficient for the purpose of staying the proceedings, in the court below, upon the decree or order appealed from. To render it valid for the mere purpose of sustaining the appeal, it is sufficient if the bond is in a penalty not less than $250, with two sufficient and proper sureties, who have justified in at least

Coithe *v.* Crane.

double that sum, and is conditioned to prosecute the appeal, and to pay such costs and damages as may be awarded against the appellant on such appeal. The bond in the present case contains all these requisites, and is properly approved by one of the officers designated by the court for that purpose. As the affidavits of justification, by the sureties, were endorsed upon, and filed with, the bond and the certificate of approval, and showed that each of the sureties was worth the requisite sum, and had all the other qualifications to become such surety, it was not necessary that the officer should state the same thing over again in his certificate of approval. The appeal is therefore, regular and the motion to dismiss it must be denied, with costs.

The question, whether this bond is sufficient to make the appeal a stay of proceedings, does not properly arise here. If the respondent thinks the bond is not sufficient to stay the proceedings upon the decree appealed from, he has two modes in which he can get that question before the proper tribunal for a decision. The one is to proceed as though there was no appeal ; leaving it to the adverse party to apply to the vice chancellor to stay the proceedings, or to have them set aside, if he thinks them irregular. The other is to bring the question directly before the vice chancellor for a decision, by an application for leave to proceed under the decree upon the ground that the appellant has not given such security as is required, by the rules and practice of the court, to make the appeal a stay of the proceedings upon the order appealed from.

The decree in question is, undoubtedly, a decree directing the payment of money, although the amount to be paid is not ascertained in the decree itself. It is also a final decree; as it disposes of the question of costs, and gives all the consequential directions upon the coming in and confirmation of the master's report, by the usual order in the clerk's office. (*Mills* v. *Hoag*, 7 *Paige's Rep.* 18.) The case, therefore, comes within the provisions of the eighty-second section of the revised statutes, relative to appeals. (2 *R. S.* 606.) That section of the statute directs security to be given by a bond, in a penalty of at least

Coithe *v.* Crane.

double the sum decreed to be paid; which necessarily includes the costs where the payment of costs is decreed. But it makes no provision for the ascertainment of the amount of the penalty of the bond where the sum to be paid is not ascertained by the decree itself, or where the costs have not been taxed at the time of the appeal. This is a casus omissus in the statute, and must therefore be supplied by the court; so as not to deprive the appellant of the benefit of a stay of proceedings, where he is able and willing to give sufficient security for the payment of the debt and costs which have not been ascertained at the time of the appeal.

In the case of *The City Bank* v. *Bangs*, (4 *Paige's Rep.* 285,) where the decree only directed the payment of the costs of the suit by the appellant, this court decided that if the costs have not been ascertained by taxation at the time of entering the appeal, the officer who approves the bond, for the stay of proceedings, must fix the penalty thereof in such sum as he shall consider to be at least double the probable amount of the costs directed to be paid by the decree appealed from, in addition to the penalty of the ordinary bond for the costs and damages upon the appeal. And in a case like the present, the officer should also fix the penalty of the appeal bond, when it is intended to stay the proceedings, at a sum which is at least double the probable amount of the debt and costs decreed to be paid; and must take security accordingly. In the present case it is not material that I should express any opinion upon the question whether this bond is sufficient to stay the proceedings upon the decree; or whether the act of the legislature, at the last session, fixing the amount in which sureties shall justify upon writs of error, ought to alter the practice of this court in analogous cases. For if the complainant's solicitor is right, as to the amount he will probably be entitled to under the decree of the assistant vice chancellor, the aggregate of $4000, in which the two sureties have justified, is apparently sufficient to ensure the payment of the amount decreed and the costs of the appeal. And if he is not satisfied with that security, he must proceed in the man-

ner before indicated, to settle the question whether this bond is technically sufficient to stay proceedings upon the decree appealed from.

Order accordingly.