## SUPREME COURT.

### McMahon agt. Allen.

On *appeal* to the court of appeals from an *order* of the general term granting a new trial, and the appellant gives an undertaking in the sum of $250, under § 334 of the Code, the proceedings in the cause in the court below are *not stayed.* (*See to the same effect Valton* agt. *National Loan Fund,* 19 *How.*, 515.)

*It seems,* that a *motion* to the court below directly for the purpose of a *stay* is the only mode of procuring a stay of proceedings in such cases.

*New York Special Term, December,* 1861.

Motion by plaintiff to strike this cause from the calendar.

Ingraham, Justice. The general term in this case reversed the order of the special term, and ordered a new trial. From this order the plaintiff appealed to the court of appeals, and gave an undertaking in $250, under section 334 of the Code. The defendant, notwithstanding such undertaking being filed, noticed the cause for trial again, under the order of the general term. The plaintiff now moves to strike the cause from the calendar, upon the ground that the undertaking filed by him stays all proceedings for a new trial until the decision of the court of appeals.

There is no provision in the Code providing for such a case as the present, prescribing directly the mode in which proceedings in the court below are to be stayed, nor does the act of 1857, allowing an appeal in such a case, make any such provision.

Section 334, under which this undertaking is given, however, was not intended to give a stay in any case on filing the undertaking in $250. It is not given as a security for any past claims, but to provide for the costs and damages which may be awarded against the appellant on the appeal, and no appeal is valid without it, whatever other security may be given for the claim. In *Valton* agt. *National Loan Fund Life Association,* (19 *How., p.* 515,) Mr. Justice Gould held that proceedings on such an appeal did not stay the

entry of judgment in the court below, in pursuance of. the order appealed from, and the common pleas adopted a similar rule in *Tiers* agt. *Carnahan*, (2 *Abb. R., p.* 69.)

All the other sections from 334 to 343, which apply to a stay of proceedings, are confined to cases in which a judgment is recovered, and not to an appeal from an order.

I conclude, therefore, that the only way in which, in such case as this, the proceedings in the court below can be stayed after an order for a new trial has been made by the court, is by a motion directly for that purpose in this court. On.such an application, the court can impose such terms as to security as will be sufficient to protect the respondent against loss, if in the court of appeals there should be a decision adverse to the decision of the general term. Such is the practice on appeals from the special to the general term, where no judgment is entered ; and in the absence of any provision in the Code the same practice should, from analogy, be followed.

The motion to strike the cause from the circuit calendar must be denied. Defendant's costs, $10, to abide the event.