JOHN KEENAN, RESPONDENT, *v.* JOHN O'BRIEN AND HEMAN CLARK, APPELLANTS.

*Commission to examine in his own behalf, in a civil action, a fugitive from justice, refused.*

Upon an appeal from an order granting leave to issue a commission to examine, in an action, upon his own application, the plaintiff, who was in Canada, although a resident of this State, it appeared that the plaintiff was absent from the State because of indictments which were pending therein against him.

*Held,* that the order should be reversed.

*McMonagle* v. *Conkey* (14 Hun, 326) followed.

That it was not the case of a plaintiff who could not come to testify, but of one who refused to come to testify, and by his voluntary absence refused to submit himself to the authority of the court.

That such a plaintiff, being a resident of the State, could not call upon the court to furnish the facilities which would enable him to continue to evade its authority.

APPEAL from an order made at a New York Special Term, granting leave to issue a commission to examine the plaintiff, who is in Canada, although a resident of this State ; which order was entered in the office of the clerk of the city and county of New York January 22, 1889.

*E. T. Lovatt,* for the appellants.

*George Bliss,* for the respondent.

VAN BRUNT, P. J.:

It is apparent that the plaintiff in this action is absent from the State because of the indictments which are pending against him, and is brought directly within the rule laid down in the case of *McMonagle* v. *Conkey* (14 Hun, 326), in which case it was held that where a plaintiff had fled to Canada to avoid criminal arrest; under the circumstances, such plaintiff should not have a commission to examine himself; and where the plaintiff is a fugitive from justice, having gone to Canada to escape trial on an indictment found against him in this State, and is, therefore, unwilling to submit to the authority of this court, and refuses to come into this State to give testimony, that, in the exercise of a sound discretion, the commission should not be granted.

In this view we concur. It is not the case of a plaintiff who cannot come to testify, but it is that of a plaintiff who refuses to come to testify, and by his absence is refusing to submit to the authority of our courts. Such a plaintiff, being a resident of the State, certainly cannot call upon the facilities of the court to enable him to continue to evade its authority.

The order should be reversed, with ten dollars costs and disbursements.

BARTLETT and MACOMBER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.