## IN THE MATTER OF JOHN O'BYRNE.

*Fugitive from justice — appeal by, from an order of commitment for contempt.*

One John O'Byrne, having been required to answer certain questions propounded to him in an investigation proceeding before the commissioners of accounts of the city of New York, and having refused to answer, a commitment was issued against him; he thereupon left the State of New York and took up his residence in Jersey City and thereafter moved that the commitment be vacated.

*Held,* that while he continued to be a fugitive from justice the courts of this State, while he avoided and defied their authority, would not aid him by reviewing the proceedings against him.

APPEAL by John O'Byrne from an order made at a Special Term held in the city of New York on the 20th day of December, 1889, and entered in the office of the clerk of the county of New York

on that day, denying a motion to vacate and set aside a certain warrant for the arrest of the said O'Byrne.

Upon the hearing at Special Term a preliminary objection was made that the motion should be dismissed upon the ground that the court should decline to hear any argument at all concerning the matter while the said O'Byrne remained out of the State of New York and refused to submit himself to the jurisdiction of the court, which objection was sustained. The proceedings were had with a view of compelling John O'Byrne to reply to certain questions put to him in proceedings had in an investigation which was being made before the commissioners of accounts of the city of New York.

*Donohue, Newcombe & Cardozo, Abraham Gruber* and *Henry L. Landon,* for the appellant O'Byrne.

*Thomas P. Wickes,* for the commissioners of accounts, respondents.

DANIELS, J.

The appellant, John O'Byrne, was required to answer certain questions propounded to him in an investigation proceeding before the commissioners of accounts. He refused so to answer, and for that refusal a commitment was issued against him by one of the justices of this court. The object of the commitment was to imprison him until he should answer these questions. He was not arrested under the commitment, but moved to discharge it as unauthorized. In answer to this motion it was shown that he had left this State and taken up his residence in Jersey City, in the State of New Jersey, there to remain until this proceeding shall be heard and concluded. The fact itself has been proved by the affidavits used to resist the motion ; and their force was not overcome by what he himself has sworn to, for his absence from this city, the place of his former residence, has been clearly shown, together with the further circumstance that he, with his wife, are boarding at a hotel in Jersey City. He may, it is true, return occasionally to this city, but there is no reason for believing that he has, at any time, in that manner encountered any danger of arrest under the commitment. The decided probability, on the contrary, is that on these occasions he has taken care not to meet the officer whose duty it has become to arrest him. As the circumstances have been shown, no substantial doubt can exist as to the reason inducing the appellant to make this

change in the place of his residence. It was as the affiant Fitzgerald has stated it to be, and that is to remain out of the State until the matter of his attempted arrest has been carried through the courts.

This was a conclusive answer to the motion in his behalf, for the State will not aid him in reviewing the proceedings against him while he remains a fugitive in another State, avoiding and defying its authority. (*People* v. *Genet*, 59 N. Y., 80 ; affirming *Matter of Genet*, 1 Hun, 292 ; *McMonagle* v. *Conkey*, 14 id., 326 ; *Keenan* v. *O'Brien*, 53 id., 30.) If that is not his condition, the best proof he can make of the fact is to present himself to the officer who holds, and whose duty it is to arrest him on the commitment ; until that shall be done it may reasonably be held that his absence has been induced by what he stated to Mr. Fitzgerald, and that is, to remain away until his liability to arrest has been decided by the courts. That he is at liberty to do, but the courts will not, in the meantime, endeavor to abridge his absence by either hearing or sustaining the applications which may be made in his behalf.

The order should be affirmed, with ten dollars costs, together with the disbursements, but without prejudice to a renewal after the appellant shall submit himself to the jurisdiction of this court.

Van Brunt, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements, but without prejudice to a renewal after the appellant shall submit himself to the jurisdiction of this court.