In the Matter of the Application of JAMES NORTON, Respondent; JOHN H. SUTPHIN, Clerk of the County of Queens, Appellant.

APPEAL — ABSTRACT QUESTION UNDER ELECTION LAW. The abstract question of the regularity of filing a certificate of nomination with the county clerk after his office has been closed for the day, on the last day of the period allowed by the Election Law, is not of such general interest or importance as to call for a departure from the general practice of the Court of Appeals not to decide abstract questions.

*Matter of Norton,* 34 App. Div. 79, appeal dismissed.

(Submitted January 10, 1899; decided January 24, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made October 31, 1898, reversing an order of the court at Special Term, which denied an application for a peremptory writ of mandamus requiring the clerk of Queens county to accept and file as of the 14th of October, 1898, the certificate of nomination of James Norton as candidate for the office of senator for the second senatorial district, and granting the writ.

The facts, so far as material, are stated in the opinion.

*F. H. Van Vechten* for appellant.

*Henry A. Monfort* for respondent.

*Per Curiam.* The question presented by this appeal involves the regularity of the filing of a certificate of nomination for the office of senator in the second senatorial district, consisting of Queens county, with the county clerk of that county in the month of October, 1898. It is claimed that the certificate was filed on the last day of the period allowed by statute for that purpose, but after the county clerk's office had been closed for the day. As the election at which candidates for said office were to be voted for has passed, the question involved has become abstract by the lapse of time. Not even

the question of costs remains, for no costs have thus far been allowed, and none are asked for upon this appeal. It is conceded that no question of practical importance to the parties is presented, but the county clerk, who alone appeals, asks us to entertain the appeal and decide it, because a question of importance to the public is involved.

The general practice of the court is to refuse to decide abstract questions, although in rare instances we have departed from the rule in order to settle doubtful propositions, liable to often arise under our new election law, which, if left undecided, might result in serious embarrassment throughout the entire state. (*Matter of Madden*, 148 N. Y. 136; *Matter of Fairchild*, 151 N. Y. 359.) The question presented by the appeal now before us, however, is not one that can reasonably be expected to arise frequently, and is not of such general interest or importance as to warrant us in devoting time to it that should be spent in the determination of living controversies. While a single case would make little difference, the precedent might bring a multitude upon us and seriously interfere with the disposition of cases of the utmost importance to the parties interested.

The appeal should be dismissed, but without costs.

All concur.

Appeal dismissed.