THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAMPORTZOON CHOOLOKIAN, Appellant, against MISSION OF THE IMMACULATE VIRGIN et al., Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAMPORTZOON CHOOLOKIAN, Appellant, against NEW YORK FOUNDLING HOSPITAL et al., Respondents.

Argued June 2, 1949; decided October 20, 1949.

*Samuel M. Blinken* for appellant.   I. Relator has an absolute right guaranteed by the United States Constitution and by statute to emigrate and expatriate himself and to take his children with him.   (*Murray* v. *Schooner Charming Betsy,* 2 Cranch [U. S.] 64; *Talbot* v. *Janson,* 3 Dallas [U. S.] 133; *Inglis* v. *Trustees of Sailor's Snug Harbour,* 3 Pet. [U. S.] 99; *Comitis* v. *Parkerson,* 56 F. 556; *Williams* v. *Fears,* 179 U. S. 270; *United States* v. *Karnuth,* 19 F. Supp. 581.)   II. The right of expatriation is utterly meaningless unless it includes the right of parents to emigrate and to take their children with them.   (*Matter of Livingston,* 151 App. Div. 1; *People ex rel. Van Dyk* v. *Van Dyk,* 33 N. Y. S. 2d 766; *Matter of Thorne,* 240 N. Y. 444; *Matter of Munn,* 101 Misc. 171; *People ex rel. Boulware* v. *Martens,* 232 App. Div. 258, 258 N. Y. 534; *Matter of Boulware,* 144 Misc. 235; *Roba-*

*lina* v. *Armstrong,* 15 Barb. 247; *People* v. *Landt,* 2 Johns. 375; *People ex rel. Sisson* v. *Sisson,* 246 App. Div. 151; *People ex rel. Meredith* v. *Meredith,* 297 N. Y. 692.) III. The courts below erred in overruling the administrative determination of the commissioner of welfare that relator was a fit parent and ordering the release of his children to him, as that determination was plainly warranted in the record and had a reasonable basis in law. (Social Welfare Law, §§ 383, 400; *Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Marburg* v. *Cole,* 286 N. Y. 202; *Matter of Agoglia* v. *Mulrooney,* 259 N. Y. 462; *Matter of Murphy* v. *Delaney,* 179 Misc. 436; *Matter of Sheridan* v. *McElligott,* 278 N. Y. 59; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *Matter of Kryzak* v. *Hodson,* 155 Misc. 699.) IV. The education of the children, including their religious and political education, is a matter within the absolute control and discretion of their parents, and that control will not be interfered with by the courts. (*Meyer* v. *Nebraska,* 262 U. S. 390; *Pierce* v. *Society of Sisters,* 268 U. S. 510; *Berea College* v. *Kentucky,* 211 U. S. 45; *Matter of Kananack,* 272 App. Div. 783; *Matter of Vardinakis,* 160 Misc. 13.)

*Raymond L. Wise* and *Margaret K. Udell* for American Civil Liberties Union, *amicus curiæ,* in support of appellant's position. I. The court below erred in finding the detention legal. The determination by the department of welfare that relator was fit for the custody of his children and ordering their release to him was reasonable and proper, and is binding and conclusive in the absence of evidence that it was arbitrary, unreasonable or capricious. (*Matter of Marburg* v. *Cole,* 286 N. Y. 202; *Matter of Murphy* v. *Delaney,* 179 Misc. 436; *Matter of Sheridan* v. *McElligott,* 278 N. Y. 59; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *Matter of Rosenstrauch* v. *Reavy,* 174 Misc. 446; *Matter of Davier* v. *Reavy,* 179 Misc. 425; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212.) II. A parent has the right to determine the place of abode and residence of his minor children, which includes expatriation, and this right is superior to any considerations of citizenship. Relator's attempt to return to Armenia with his

family was in pursuance of the policy of the United States Government for the repatriation of Armenian nationals based on an agreement with Soviet Russia and constitutes the supreme law of the land. (*United States* v. *Pink,* 315 U. S. 203; *United States* v. *Curtiss-Wright Corp.,* 299 U. S. 304; *Santovincenzo* v. *Egan,* 284 U. S. 30.) III. Relator was deprived of his constitutional rights which include the right to determine the religion of his minor children. (*Matter* of *Vardinakis,* 160 Misc. 13; *Meyer* v. *Nebraska,* 262 U. S. 390.)

*Richard K. Gregory* for the Human Relations Commission of the Protestant Council of the City of New York and the Prelacy of the Armenian Apostolic Church in America, Inc., *amici curiæ,* in support of appellant's position. I. Relator is a member of the Armenian Church by birth and baptism. He has the absolute right to decide the religious and educational affiliations of all his minor children and that decision will not be interfered with by the courts. (*Meyer* v. *Nebraska,* 262 U. S. 390; *Pierce* v. *Society of Sisters,* 268 U. S. 510; *Hamilton* v. *Regents of Univ. of California,* 293 U. S. 245.) II. The administrative determination of the commissioner of welfare that relator was a fit parent was fully supported in the record, had ample basis in law, and should not have been overruled by Special Term. (*People ex rel. Sisson* v. *Sisson,* 271 N. Y. 285; *Matter of Thorne,* 240 N. Y. 444; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Red Hook Cold Storage Co.* v. *Department of Labor,* 295 N. Y. 1.)

*Armenian National Council of America,* by *Charles A. Vertanes,* director, and *Oksen Sarian,* acting chairman, *amicus curiæ,* in support of appellant's position. I. The decision of Special Term violates the Constitution and foreign policy of the United States Government for the emigration and expatriation of Armenians in refusing to allow relator to depart with his children. II. Paramount considerations of natural law and justice require that the Choolokian children be restored to their family.

*Charles G. Coster* for Mission of the Immaculate Virgin, respondent. I. The evidence before the trial court amply sustains its decision that the release of the children was not for their best interest and welfare. (*Finlay* v. *Finlay,* 240 N. Y. 429;

*Matter of Bock* [*Breitung*], 280 N. Y. 349; *People ex rel. Anonymous* v. *Perkins Adoption Soc.*, 271 App. Div. 672, 297 N. Y. 559.) II. The court below properly considered the dangers to the American citizenship of the children. (*Perkins* v. *Elg*, 307 U. S. 325; *Mencher* v. *Chesley*, 297 N. Y. 94.)

*Joseph V. McKee* and *Philip G. Reilly* for New York Foundling Hospital, respondent. I. Alice Choolokian was never discharged to appellant by the department. (*Persky* v. *Bank of America Nat. Assn.*, 261 N. Y. 212.) II. The order of the Appellate Division was proper in affirming Special Term's findings that appellant is not fit, competent and able duly to maintain, support and educate Alice Choolokian and that the interests of said minor will not be promoted by her discharge to the custody of appellant. (*Matter of Lee*, 220 N. Y. 532; *Matter of Presler*, 171 Misc. 559; *Matter of Bock* [*Breitung*], 280 N. Y. 349; *Perkins* v. *Elg*, 307 U. S. 325.)

*Per Curiam.* In these habeas corpus proceedings there was ample evidence to sustain the findings of the trial court, unanimously affirmed by the Appellate Division, that the relator was not fit, competent or able to care for his children and that it would not be to their best interests to be taken by him to Armenia. (See *Finlay* v. *Finlay*, 240 N. Y. 429.) The dismissal of the writs of habeas corpus herein should therefore be affirmed, but insofar as the final order below imposed conditions upon relator's right to make further application or seek new writs of habeas corpus, it should be modified so as to eliminate such conditions.

The order of the Appellate Division and the orders of Special Term should be modified in accordance with this opinion, and, as so modified, affirmed.

Fuld, J. (concurring). Section 383 of the Social Welfare Law provides that the parent of a child committed to an institution may regain its custody by obtaining either the " consent of the court, public board, commission, or official responsible for the commitment of such child, OR  *  *  *  an order of a court or judicial officer of competent jurisdiction, determining that the interest of such child will be promoted thereby and that such parent is fit, competent and able " to care for it.

(Emphasis supplied.) In the case before us, the father, pursuing the first alternative, sought the consent of the Welfare Commissioner of the City of New York, the official responsible for his children's commitment.

There is no doubt in my mind that consent by the committing officer constitutes the determination of an administrative agency. The Legislature recognized that the body " responsible " for the child's commitment was peculiarly competent to pass upon the question whether the child should be returned to its parent or retained by the institution to which it had been committed. Once having gained that consent, a father is not required to vindicate his right anew in our courts. The administrative determination must stand unless a court justifiably stamps it unreasonable and capricious. (See, e.g., *Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 75; *Matter of Fiore* v. *O'Connell,* 297 N. Y. 260, 262; *Matter of Marburg* v. *Cole,* 286 N. Y. 202, 214.)

If, then, it here appeared that the Commissioner of Welfare had granted the requisite statutory consent, I would be impelled to vote for reversal. I concur in the decision to modify only because I perceive in the record some basis for the finding made by the court at Special Term that that consent had not been given.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur in *Per Curiam* opinion; FULD, J., concurs in separate opinion.

Ordered accordingly. [See 300 N. Y. 622.]