Henry A. Hudson, J.
This proceeding was brought by the plaintiff for the purpose of obtaining a stay pending appeal to the Appellate Division from an order of this court vacating an attachment theretofore levied by plaintiff on certain moneys of the defendant in the amount of $8,662.
The court in arriving at its decision vacating the warrant of attachment considered, in its written opinion, the merits of the controversy between the parties in considerable detail. Notice of appeal from the order vacating such attachment has been served upon the defendant and the instant application made for a stay of proceedings pending appeal has now been referred to this court for decision.
There appears to be no provision in the Civil Practice Act for an automatic stay in a proceeding of this nature, merely by perfecting the appeal and filing the undertaking required by statute. Section 573 of the Civil Practice Act provides: ‘ ‘ Where an appeal to the appellate term or to the appellate division of the supreme court or to the court of appeals or otherwise shall have been perfected, and the other acts required *720 to be done to stay the execution of the judgment or order appealed from have been done, the appeal stays all proceedings to enforce the judgment or order appealed from”.
But section 573 of the Civil Practice Act must be read in conjunction with its companion section. Section 594 of the Civil Practice Act provides: “ If the appeal is taken from a judgment for a sum of money only, or from a judgment or order directing the payment of a sum of money only, a stay of the execution of the judgment or order results without any order when the appellant (a) gives an undertaking as prescribed by section five hundred ninety-three and (b) gives a written undertaking to the effect that if the judgment or order appealed from or any part thereof is affirmed, or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment of order or the part * * * exceeding a sum specified in the undertaking, which must be fixed by a judge of the court below.”
The only undertaking filed by the appellant is a bond for $250 for costs as required by section 1525 of the Civil Practice Act. Such an undertaking does not stay execution in the absence of an order directing such a stay. Section 614 of the Civil Practice Act provides: “ Security is not required to perfect an appeal from the supreme court to the appellate division thereof; but except where it is othenoise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from ” (Italics supplied.)
It follows then that even if the appeal has been perfected, no stay of execution in respect of its directions has become effective. Although an appeal has been regularly taken and perfected, the respondent may notwithstanding, unless stayed, proceed to enforce his judgment or order, and the appellant’s only remedy is to enforce restitution when he becomes entitled to it. (Matter of Meyer, 209 N. Y. 59; Matter of “Bologna”, 199 Misc. 705.) Adequate remedy in the event plaintiff is successful in her appeal is provided by section 587 of the Civil Practice Act.
As I have stated heretofore the merits of the attachment action were considered by this court on the motion to vacate and the details of the various controversies between the parties are set forth in the court’s opinion supporting the order here appealed from. No further or additional facts are set forth in the moving papers on the instant application than were before the court in the motion to vacate the attachment. To grant plaintiff’s motion for such stay would nullify the court’s previous decision and permit the plaintiff to deprive the defend *721 ant of the attached funds until a trial of the action could be held. The action in question, when instituted, was to recover the sum of $3,900 alleged to represent a loan plus profits from an alleged partnership or joint venture, the amount of which is very speculative. On the arguement of the motion the plaintiff conceded that the $3,900 represented joint funds of the parties who are husband and wife. The allegations of the complaint are, therefore, on the plaintiff’s admission incorrect and untrue, yet the plaintiff seeks a stay so as to effectively tie up some $8,600 of the defendant’s funds.
In my opinion to grant a stay would be an improper exercise of the court’s discretion.
The motion is denied, with $10 costs. Order accordingly.