■ ESTHER JAMES, Respondent, v. ADAM C. POWELL, JR., Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered November 30, 1966 in New York County, which denied a motion by appellant for an order to vacate an ex parte order of commitment for criminal contempt.

MEMORANDUM BY THE COURT. Appeal from order entered on November 30, 1966, denying defendant's motion to vacate a prior ex parte order of commitment, dismissed, without costs or disbursements, and without prejudice to a renewal after appellant shall submit himself to the jurisdiction of the court by complying with the underlying contempt order. It is quite clear from the record, and the history of the case, that the appellant has willfully remained outside of the State in order to avoid the jurisdiction and authority of our courts. He has chosen to do so, but the courts will not, in the meantime, hear this application intended to review the proceedings against him which have resulted in his present plight. If appellant sincerely desires a review by the courts of this State of the previous proceedings "the best proof he can make of the fact is to present himself to the officer who holds, and whose duty it is to arrest him on the commitment; until that shall be done

it may reasonably be held that [he intends] * * * to remain away until his liability to arrest has been decided by the courts ". (*Matter of O'Byrne,* 55 Hun 438, 440, affd. 121 N. Y. 675; see, also, *Matter of Meyer,* 209 N. Y. 59, 68–69; *Dudley* v. *Press Pub. Co.,* 58 Hun 181.) In the last cited case, at pages 184–185 of the court's opinion, there is the following: "That it is the duty of the court not to listen to an application of a party affected by this misconduct to vacate orders adversely to him has been considered and held, under somewhat like circumstances, in *Keenan* v. *O'Brien* (53 Hun 30) and *Matter of O'Byrne* (55 id., 438) * * *. Under the facts as they are now presented the plaintiff is not entitled to the assistance of this court * * * the facts which are proven do not entitle the plaintiff to any consideration of the merits of his application at the hands of the court." The court's order to appellant to surrender himself specified surrender on a weekday, when, as indicated in the dissenting opinion, a writ of habeas corpus would have been returnable. It is only because of his wrongful refusal to do so that any question arises regarding enforcement of the order on Sunday. Surely one who disobeys an order during six days of the week is not entitled to an advisory opinion that he may safely ignore it on the seventh.

STEVENS, J. (dissenting). I dissent, vote to entertain the appeal and would modify as hereinafter indicated.

This appeal is from an order entered November 30, 1966, which denied defendant's motion to vacate an ex parte order of commitment dated November 28, 1966.

Appellant urges the order of commitment is void on its face because it fails to set forth the particular circumstances of the offenses for which the arrest and imprisonment of the judgment debtor for two criminal contempts pursuant to section 750 of the Judiciary Law has been ordered; that to the extent such order provides for the arrest and commitment of the judgment debtor on Sundays, such order is void; and, finally, such order is repugnant to the Constitution of the United States because it might preclude the possibility of defendant's attendance at the Congress of the United States of which he is a member.

Respondent asserts (1) the order of commitment precisely sets forth the particular offenses for which appellant was directed to be committed, (2) the order may properly authorize an arrest on Sundays, (3) is not repugnant to the Constitution of the United States, (4) the order is not appealable because it arises from an adjudication taken at an inquest, and (5) appellant failed to file a complete record as required by CPLR 5526.

Despite the apparent seriousness of some of the questions posed, the majority of this court, in the exercise of discretion, is refusing to entertain this appeal. The stated ground is that the court will not extend its favor to one who has flouted its mandates and remained beyond the reach of its coercive power. With this determination I am unable to agree.

This order was not the result of an inquest as respondent contends. The underlying contempt order of November 17, 1966, refers to and is based in part on affirmations of defendant's counsel. Special Term in issuing its order of commitment considered the earlier contempt order. Accordingly CPLR 5511 which denies the right of appeal to a defaulting party does not apply. The appeal is as of right pursuant to CPLR 5701, and in my view it is our duty to consider the questions raised (CPLR 5501, subd. [c]), and make such disposition as is warranted (CPLR 5521).

This case had its genesis in litigation between private parties. After a trial it was found that defendant libelled the plaintiff and defendant was cast in judgment therefor. Subsequently defendant failed to obey an order or orders

of the court to appear and be examined as to his financial resources. The contempt orders and the later order of commitment, here appealed from, resulted.

The main thrust of opposition to the order of commitment is its direction that such order may be executed on Sunday. The opposition is well founded and such provision should be stricken. The nature of the criminal contempt here found, in the absence of any criminal process, precludes the execution of an arrest order on Sundays (cf. *People ex rel. Frank* v. *McCann*, 227 App. Div. 57, affd. 253 N. Y. 221; Penal Law, § 600, subd. 4). Pertinent to discussion of the issue is the language of the court in *People ex rel. Negus* v. *Dwyer* (90 N. Y. 402):

" As it respects disobedience to the orders of a court, the sole difference appears to be that a 'willful' disobedience is a criminal contempt, while a mere disobedience by which the right of a party to an action is defeated or hindered is treated otherwise" (p. 406). "When they [criminal contempts] originate in the violation of an order, made, not by a criminal court, but by a civil court in a civil action, it is difficult to see how they can be anything else than the special proceedings defined in the Civil Code as civil special proceedings. That the willful contempt is denominated 'criminal' does not make the proceeding by a civil court, having before it a civil action, to protect its dignity and compel respect for its mandates, any the less a civil special proceeding. If it is in a court having only civil jurisdiction, or on the civil side of a court having criminal jurisdiction also, it must be deemed a special proceeding within the meaning of §§ 1356 and 1357 of the Code of Civil Procedure, and § 190, subd. 3, which permit an appeal" (*ibid.*, p. 406). "The proceeding to punish for a criminal contempt of court arising during the trial of a civil action constitutes a civil special proceeding (General Construction Law [Cons. Laws, ch. 22], § 46-a [with citations]). Ordinarily, an order made in a civil special proceeding is reviewed by appeal and not by certiorari" (*Matter of Douglas* v. *Adel*, 269 N. Y. 144, 146; *State of New York* v. *New York Movers Tariff Bur.*, 48 Misc 2d 225, 268; cf. *King* v. *Barnes*, 113 N. Y. 476).

" All service of legal process, of any kind whatever, on the first day of the week is prohibited, except in cases of breach of the peace or apprehended breach of the peace or when sued out for the apprehension of a person charged with crime, or except where such service is specially authorized by statute. Service of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever" (Penal Law, § 2148). This case does not fall within any of the exceptions there provided for.

It is not here urged that a criminal contempt may not be punishable as a misdemeanor within the meaning of subdivision 4 of section 600 of the Penal Law. The steps preliminarily required to bring the acts here complained of within the orbit of section 600 have not been taken, and the conduct complained of is not now a misdemeanor. For that reason the sanction of Sunday arrest is not permitted (see Penal Law, § 2148; Code Crim. Pro., § 170).

The defendant is given the Hobson's choice of coming into the jurisdiction and being arrested, albeit wrongfully if the arrest occurs on a Sunday, or being denied recourse to the courts. True, a writ of habeas corpus could be sued out but such writ is not returnable on Sundays. The court by refusing to entertain the appeal is sanctioning the possible perpetration of a wrong because its dignity has been offended in the course of private litigation. This it should not do.

Additionally, there is a serious question if the order of commitment sufficiently sets forth the particular circumstances of the offenses charged (see *Matter of Douglas* v. *Adel*, 269 N. Y. 144, *supra*). This issue should be

resolved as a necessary preliminary and not left to await the physical return of defendant to this jurisdiction.

Botein, P. J., Capozzoli, Rabin and McNally, JJ., concur in memorandum by the court; Stevens, J., dissents in opinion.

Appeal from order dismissed, etc.