OPINION OF THE COURT
Stanley Gartenstein, J.
The within proceeding is framed under subdivision (b) of section 651 of the Family Court Act enacted in 1962 with the legislative purpose of granting original jurisdiction to this court to determine custody of children even where derivative power has not been conferred by Supreme Court order of referral as contemplated by subdivision (a) of section 651 of the Family Court Act.
The petitioning father does not seek custody of the two subject children. Nor does he seek an order of visitation in the first instance as authorized in Matter of Juan R v Necta V (84 Misc 2d 580, affd 55 AD2d 33). Instead, he seeks as his sole *894 relief, an order providing that the respondent mother not remove the children permanently to Yugoslavia. The court questioned its jurisdiction to entertain this proceeding and reserved decision pending submissions.
At the outset, it must be noted that the scope of subdivision (b) of section 651 has been ever expanding since its enactment, obviously in harmony with the legislative intent to lessen fragmentation of jurisdiction between this court and the Supreme Court. Thus, the 1973 amendment to this section added the words, "with the same powers possessed by the supreme court in addition to its own powers”. The fact that this language has been construed to confer less power upon this court than would seem apparent at first blush (see Matter of Juan R v Necta V, supra) does not lessen the impact of decisions expanding its scope (see Matter of Tamara I, 91 Misc 2d 995).
Concerning the legal issues surrounding the question of removal of an infant from the United States, there is ample basis for a court to act accordingly once a showing is made that other equities do not outweigh considerations of the benefits of United States citizenship (Mundy v Mundy, 108 NYS2d 142; People ex rel. Choolokian v Mission of Immaculate Virgin, 192 Misc 454, 274 App Div 1049, mod 300 NY 43, cert den 339 US 912; People ex rel. Djurovic v Djurovic, 205 Misc 216; Matter of O’Shea v Brennan, 88 Misc 2d 233). However, this power to act must be held exclusively within the province of the Supreme Court as a court of general equity jurisdiction. Although the cases cited illustrate the assumption of jurisdiction to issue a prohibitory injunction as part of habeas corpus proceedings without an accompanying specification that an independent equitable power has thus been exercised, they must be read in the light of the relative unimportance to the Supreme Court of the necessity to specify which equitable power it was exercising. This is logical because of the merger of law and equity in that court without distinction as to what type of writ it acts upon, a luxury it exercises as a court of general jurisdiction. As a court of limited jurisdiction, we must differentiate between the separate independent sources from which the Supreme Court derives its power. We therefore hold that where the Supreme Court has in fact acted to prohibit the removal of an infant from the jurisdiction, it has done so pursuant to its basic injunctive power in equity and not as an implied adjunct to its *895 power to act as parens patriae in habeas corpus proceedings. Under this reasoning, we must hold ourselves without jurisdiction to entertain this prayer for relief even in the face of the 1973 amendment to subdivision (b) of section 651 of the Family Court Act granting us the same powers as possessed by the Supreme Court. Obviously, the grant of power must be limited to custody jurisdiction and not extended to injunctive power simply because Supreme Court decisions have failed to specifically categorize their exercise of injunctive power as such.
We note parenthetically at this point that the injunctive power of the Supreme Court to prevent removal from its jurisdiction has its roots in the same concepts as the common-law writ of ne exeat, a remedy partially carried over from the common law whose relevance is being questioned anew in today’s society with its sophisticated concepts of due process (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 6101.11 et seqand Morris, A Chance to End Civil Arrest in New York, NYU, Jan. 18, 1978, p 1, col 1). It would be interesting in this light to see appellate holdings on this question in today’s climate of constitutional holdings.
Petition dismissed for lack of jurisdiction.